UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RALITSA ROYSTER, ET AL.**                                        **CIVIL ACTION**

**VERSUS**                                                                       **NO. 25-968**

**SANARE ENERGY PARTNERS, LLC, ET AL.**              **SECTION "O"**

## ORDER AND REASONS

Before the Court in this admiralty case removed by Sanare Energy Partners, LLC under the broad jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b)(1), is the opposed motion[1] of Plaintiffs Ralitsa Royster, individually and on behalf of her two minor children, C.R. and A.R., Dawn Royall, on behalf of her minor child, A.R., and Bart Fleet, curator *ad hoc* for the estate of Claude Royster, IV, to remand this case to state court under 28 U.S.C. § 1447(c).

This case arises from an allision in the Gulf of Mexico between a fishing boat owned by Linedout Pro Fishing, LLC and being driven by Mitch Mosely, and an oil-and-gas platform owned by Sanare and affixed to the outer Continental Shelf.[2] The allision ejected Claude Royster, IV, from the boat.[3] His body has not been recovered; he is presumed dead.[4] This case was filed in Louisiana state court on behalf of his wife, his kids, and his estate to recover the damages resulting from his death.[5] Plaintiffs sue Sanare, Mosely, and Linedout for negligence and negligence *per se* under the Death on the High Seas Act, general maritime law, and Louisiana law.[6]

---

[1] ECF No. 10.
[2] *See generally* ECF No. 1-1.
[3] *Id.* at ¶ 8.
[4] *Id.*
[5] *See generally* ECF No. 1-1.
[6] *Id.* at ¶¶ 9–17.

Sanare removed this case on May 14—34 days after being served with the petition on April 10.[7] It invoked original jurisdiction under OCSLA.[8] Its notice of removal stated that "no defendant has been served," and that "written consent of all properly joined defendants will be provided . . . once all defendants are served."[9] But that statement proved incorrect: Linedout was served 28 days before removal.[10]

Plaintiffs now move to remand, contending the Court lacks OCSLA jurisdiction and Sanare's removal is procedurally defective.[11] The Court rejects Plaintiffs' jurisdictional challenge: The Court has OCSLA jurisdiction here for essentially the same reasons given in *Rijos v. Sanare Energy Partners, LLC*, a case arising from the same allision. No. 24-CV-2214, 2025 WL 1703523, at *1–7 (E.D. La. June 18, 2025).

But unlike that removal, this one features two timely raised procedural defects: It (1) was late and (2) violated the "unanimity rule."[12] Sanare removed this case 34 days after service—four days late. *See* 28 U.S.C. § 1446(b)(1). And one properly joined and served Defendant—Linedout—did not timely join in or consent to removal.[13] *See* 28 U.S.C. § 1446(b)(2)(A).[14] Sanare does not dispute either point.[15]

---

[7] ECF No. 1 (May 14 notice of removal); ECF No. 10-6 (April 10 proof of service of petition); ECF No. 11 at 9 (Sanare admitting its agent was served on April 10).

[8] ECF No. 1 at ¶ 7.

[9] *Id.* at ¶ 21.

[10] ECF No. 10-7 at 1; *see* ECF No. 11 at 10 (Sanare admitting that "Linedout was served").

[11] ECF No. 10.

[12] Rijos's motion to remand did not identify any procedural defects in Sanare's removal, *see* Motion to Remand, *Rijos v. Sanare Energy Partners, LLC*, No. 24-CV-2214 (E.D. La. Oct. 4, 2024), ECF No. 9, and the time for raising any procedural defects expired long ago. *See* 28 U.S.C. § 1447(c)

[13] In fact, both of Sanare's Co-Defendants have since said that they object to removal. *See* ECF No. 12-1 at 1–2 (Linedout's objection); *id.* at 3 (Mosely's objection).

[14] Sanare does not dispute that Section 1446(b)(2)(A)'s unanimity rule applies or that it "removed solely under" 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1446(b)(2)(A); ECF No. 11.

[15] *See* ECF No. 11 at 9 (Sanare acknowledging that its agent was served on April 10 and that it removed the case 34 days later, on May 14); *id.* at 10 (Sanare not contesting that Linedout had been served at the time of removal, but that its consent to removal was not obtained).

Instead, Sanare says those procedural defects do not merit remand for three principal reasons. None of them persuades.[16]

First, Sanare says remand would not promote the policy concerns the 30-day removal period aims to address. But Sanare cites no Fifth Circuit authority accepting its policy-based argument on facts like these. If Sanare means to invoke the equitable "exceptional circumstances" exception to the 30-day removal period, Sanare fails to show that "the circumstances are sufficiently 'exceptional' to justify" applying it here. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 n.12 (5th Cir. 1988). The Fifth Circuit has "stated in *dicta* that 'exceptional circumstances' might, in some cases where a plaintiff acts in bad faith, warrant departing from a strict application of" the 30-day removal period. *Tex. Brine Co. v. Am. Arb. Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020) (citation omitted). But the Fifth Circuit has applied that exception only "when confronting bad faith efforts to prevent removal" or "to prevent injustice." *Ortiz v. Young*, 431 F. App'x 306, 307–08 (5th Cir. 2011) (per curiam) (quotation and citation omitted). Sanare has not shown that Plaintiffs acted in bad faith to stop its removal or that "injustice will be obviated by . . . condoning" Sanare's tardy removal and Sanare's failure to timely obtain Linedout's consent to removal. *Id.* at 308.

---

[16] The Court emphasizes that Sanare makes no argument that Plaintiffs' motion to remand is untimely insofar as it rests on defects in removal procedure, rather than on a lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c) (requiring a motion to remand based on "any defect other than lack of subject matter jurisdiction" to be filed within 30 days after the filing of the notice of removal). Sanare did not oppose Plaintiffs' motion for leave to file a corrected motion to remand and for an order deeming that corrected motion timely filed, ECF No. 7, which the Court in turn granted as unopposed, ECF No. 9. As a result of the Court's order granting that unopposed motion, Plaintiffs' motion to remand was deemed filed on June 13—within 30 days of Sanare's May 14 removal. ECF No. 9 at 1.

3

Second, Sanare says it was not required to obtain Linedout's consent to removal because Linedout is a "nominal" party. But this argument does not help Sanare: Even if Linedout were a "nominal" party, Sanare still had to "affirmatively explain" in its notice of removal why Linedout's consent to removal was not needed. *Alford v. Chevron U.S.A. Inc.*, No. 13-CV-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014) (Vance, J.) (quotation and citations omitted). Sanare failed to do so.[17]

Finally, Sanare says Plaintiffs "waived" their right to remand by "improperly fil[ing]" this case in state court while a similar case filed by one of the same Plaintiffs and arising from the same allision was still pending in this Court.[18] But Sanare is mistaken. A plaintiff may waive an objection to removal based on a procedural defect in the removal if the plaintiff actively participates in the case after removal. *See Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989). Applying that rule, one Fifth Circuit panel held that a plaintiff waived the right to remand based on procedural defects in removal where the plaintiff did not move to remand until "nearly a year" after removal. *Id.* By then, "considerable discovery" had been exchanged, the plaintiff had "amended his complaint in federal court," and the defendants had moved for summary judgment. *Id.* This case is unlike that one. There is no indication that any discovery has been exchanged, no Defendant has filed a

---

[17] *See generally* ECF No. 1.

[18] ECF No. 11 at 9. Sanare is referring to Civil Action No. 24-1627, another suit against Sanare arising out of the same allision and filed by Ralitsa Royster, individually and as personal representative of her husband's estate, and on behalf of their minor children, C.R. and A.R. *See* Complaint, *Royster v. Sanare Energy Partners, Inc.*, No. 24-1627 (E.D. La. June 26, 2024), ECF No. 1. The Court granted Ralitsa Royster's motion to voluntarily dismiss her claims in that case without prejudice; Sanare's crossclaims against Mosely and Linedout remain pending. *See* Order and Reasons, *Royster v. Sanare Energy Partners, Inc.*, No. 24-1627 (E.D. La. June 20, 2025), ECF No. 20.

4

dispositive motion, two of three Defendants affirmatively object to Sanare's removal, and Plaintiffs promptly moved to remand. So Sanare's waiver argument fails.[19]

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion[20] to remand is **GRANTED**. The Court has subject-matter jurisdiction. But Sanare's removal is procedurally defective, and Sanare has not shown that the equitable "exceptional circumstances" exception applies to excuse those defects. This case is **REMANDED** to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana. 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 24th day of July, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[19] Sanare complains that remanding for procedural defects in removal would elevate form over substance and would "inevitably result in duplicative proceedings with potentially conflicting judgments." ECF No. 11 at 10. This argument fails because Sanare cites nothing to support it. *Id*. In all events, any "duplicative proceedings" or "conflicting judgments" that might result from this remand are directly attributable to Sanare's own failure to remove this case in accordance with 28 U.S.C. § 1446(b)'s straightforward procedure. To that end, Sanare offers no persuasive justification for its untimely removal or its violation of Section 1446(b)(2)(A)'s unanimity rule. Those twin, undisputed procedural defects in removal, and Sanare's failure to show that "exceptional circumstances" exist and allow the Court to overlook them, leave the Court with no principled basis to deny Plaintiffs' motion to remand—despite the existence of OCSLA jurisdiction and any inefficiencies that might result.

[20] ECF No. 10.